UNITED STATES OF AMERICA } SS
DISTRICT OF MONTANA

Tyler P. Gilman, Clerk of the United States District
Court for the District of Montana, hereby certify that
the above and forgoing is a true copy of the original
now on file in my office.

Dated this ___8th___ day of
___October___ 20 24

TYLER P. GILMAN, Clerk

By _Megan Stewart_
                Deputy

**UNITED STATES JUDICIAL PANEL**

**on**

**MULTIDISTRICT LITIGATION**

IN RE: AT&T INC. CELLULAR CUSTOMER DATA
SECURITY BREACH LITIGATION                                    MDL No. 3124

IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH
LITIGATION                                                    MDL No. 3126

**TRANSFER ORDER**

**Before the Panel:**[*] Before the Panel are two dockets involving a cluster of breaches of the Snowflake cloud platform that allegedly occurred from approximately April to June 2024, during which a threat actor stole data belonging to certain Snowflake corporate clients including AT&T, Advance Auto Parts, Cricket Wireless, Ticketmaster/Live Nation, The Neiman Marcus Group, and Lending Tree's QuoteWizard.com subsidiary.[1] The data breaches allegedly resulted in the exfiltration of the personal information of over 500 million individuals.

On July 23, 2024, plaintiff in one action (*Young*) filed a motion under 28 U.S.C. § 1407 to centralize four putative class actions involving the theft of AT&T customer data from the Snowflake cloud. This motion was docketed as MDL No. 3124, *In re: AT&T Inc. Cellular Customer Data Security Breach Litigation.* On July 29, 2024, plaintiff in a different action (*Chaidez*) filed a motion to centralize 43 putative class actions arising from the Snowflake data breaches (including two actions from MDL No. 3124), essentially seeking the creation of a broader multi-defendant MDL that would encompass any action alleging harm from the Snowflake data breaches. The proposed Snowflake MDL thus would include actions against Snowflake and corporate clients AT&T, Advance Auto Parts, Cricket Wireless, Ticketmaster/Live Nation, and any other breached clients named in potential tag-along actions. This motion was docketed as MDL No. 3126, *In re: Snowflake, Inc., Data Security Breach Litigation.* The two competing motions proposed the Northern District of Georgia and the District of Montana as the transferee district for an AT&T MDL and Snowflake MDL, respectively. Shortly thereafter, plaintiff Young

---

[*] Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] Defendants in this litigation are AT&T Inc. and AT&T Mobility, LLC (together, "AT&T"); Advance Auto Parts, Inc. and Advance Stores Company, Inc. (together, "Advance Auto Parts"); Cricket Wireless, LLC; Snowflake Inc.; Ticketmaster LLC and Live Nation Entertainment, Inc. (together, "Ticketmaster/Live Nation"); The Neiman Marcus Group; and Lending Tree LLC and QuoteWizard.com LLC (together, "Lending Tree").

abandoned her motion for an AT&T MDL in MDL No. 3124, instead supporting centralization of all Snowflake-related actions in a single multi-defendant MDL as proposed in MDL No. 3126. By that time, however, plaintiffs in three actions had filed responses supporting an AT&T MDL, and thus the question of centralization of an AT&T MDL as briefed in MDL No. 3124 remains a live issue. Collectively, the litigation in the two dockets consists of 45 actions pending in eight districts as listed on Schedules A and B. The Panel has been notified of 34 potential tag-along actions, including at least five additional AT&T actions proposed for inclusion in both proposed MDLs.

The responding parties take a variety of positions. The main areas of disagreement are whether a multi-defendant Snowflake MDL is appropriate, whether the AT&T Snowflake-related actions should be centralized in a separate MDL, and the selection of a transferee district. Defendants AT&T and Cricket Wireless support centralization of all actions in a single multi-defendant MDL, as proposed in MDL No. 3126 (*Snowflake*), but suggest the Eastern District of North Carolina as transferee district and, alternatively, the District of Montana. Defendant Lending Tree also supports centralization of a Snowflake MDL in the Eastern District of North Carolina. Defendant Neiman Marcus supports centralization of a Snowflake MDL without advocating for a specific district.[2] Defendants Snowflake and Advance Auto Parts oppose centralization in favor of informal coordination. And defendant Ticketmaster/Live Nation takes no position on centralization.

On the plaintiffs' side, plaintiffs in over 30 actions support the proposed Snowflake MDL but differ on the transferee district. Plaintiffs in 21 actions request the District of Montana. Supporting plaintiffs in the other actions variously request the Central District of California, the Western District of North Carolina, the Western District of Oklahoma, and the Northern District of California. Plaintiffs in nine actions oppose the proposed Snowflake MDL. Plaintiffs in three of these actions, however, support the AT&T MDL proposed in MDL No. 3124, variously proposing the Northern District of Georgia, the District of New Jersey, and the Northern District of Texas. Additionally, court-appointed leadership for plaintiffs in MDL No. 3114 – a separate MDL concerning an earlier AT&T data breach[3] – filed an interested party brief supporting centralization of the AT&T Snowflake-related actions in the Northern District of Texas, for coordination with MDL No. 3114.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedules A and B involve common questions of fact and that centralization in the District of Montana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions present common factual issues concerning a cluster of breaches that occurred on the Snowflake cloud platform from approximately April through June 2024, when a threat actor allegedly exfiltrated the personal information of over 500 million consumers and employees whose information was stored on Snowflake's cloud platform by

---

[2] Neiman Marcus alternatively requests the District of Delaware or the Northern District of Texas for a Neiman Marcus MDL, if a Snowflake MDL is not created.

[3] *See generally In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, __ F. Supp. 3d __, 2024 WL 2884429 (J.P.M.L. June 5, 2024) (centralizing twelve actions arising from "an alleged data security breach announced by AT&T in March 2024 concerning the personal information of over 70 million former and current AT&T customers released on the dark web").

-3-

Snowflake clients.  All actions allege that Snowflake and the client defendants failed to safeguard their personal information, failed to implement adequate data security measures, and failed to provide timely notice of the breach to impacted individuals.  The circumstances of the unauthorized access and data exfiltration, Snowflake's data security practices, and Snowflake's response to the incidents will be common to all actions.  Snowflake's security practices will be a particularly important issue in all actions, including the AT&T actions, considering the common allegation that Snowflake operates within a "shared responsibility" cybersecurity model and is jointly responsible with its corporate clients for protecting information held on the Snowflake cloud.

In opposition to centralization, Snowflake, Advance Auto Parts, and opposing plaintiffs assert that common factual questions are lacking.  These parties assert that there were multiple distinct breaches against different Snowflake clients involving client-specific log-in credentials and, as a result, defendant-specific issues will overwhelm any common ones.  We find these arguments unpersuasive.  First, central common factual questions in all actions include how the alleged threat campaign against Snowflake and its clients occurred and whether alleged deficiencies in Snowflake's data security practices contributed to the data breaches.  For example, most plaintiffs allege that a critical factor in the cluster of breaches at issue was Snowflake's policies and practices on multi-factor authentication ("MFA") to gain access to Snowflake accounts.[4]  There also are unresolved questions on the parameters of Snowflake's "shared responsibility" cybersecurity model and how Snowflake implemented that responsibility.  The claims against each of the various Snowflake clients undoubtedly will involve some defendant-specific issues – for example, the data security practices of each individual Snowflake client and whether those practices were reasonable considering the type of data stored on the Snowflake platform.  But centralization of all actions in a single MDL encompassing AT&T, Cricket Wireless, Ticketmaster/Live Nation, Advance Auto Parts, and other affected Snowflake clients, is warranted given that the core factual allegations in all actions focus on a related series of breaches of the Snowflake cloud platform and Snowflake's alleged responsibility.  In our view, discovery and motions on these common questions should be addressed by a single court.

Moreover, all actions propose substantially overlapping nationwide classes. The complaints against Snowflake generally propose classes that would include anyone whose personal information was exfiltrated from the Snowflake cloud.  The complaints against its corporate clients propose classes that would represent a client-specific subset of the overarching Snowflake classes – for example, AT&T customers, Ticketmaster customers, and Advance Auto Parts employees and customers.  Additionally, at least 20 actions (including potential tag-along actions) name Snowflake together with a client as co-defendant.  These circumstances convince us that a single multi-defendant MDL provides the most efficient vehicle for coordinating the overlapping pretrial proceedings.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial

---

[4] MFA is an electronic authentication method that requires a second form of authentication (in addition to standard log-in credentials) for a user to be granted access to a system or application. Plaintiffs allege that examples of MFA include the combination of a log-in password and a single-use code sent via text message to a user's mobile phone and authentication apps installed on a mobile phone or similar device.

rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Various parties also argue that informal coordination is a practicable alternative to centralization. They note that they have taken significant steps to self-organize and consolidate actions in appropriate districts based on the defendant named in the actions, emphasizing their progress in consolidating the Advance Auto Parts actions in the Eastern District of North Carolina and Snowflake actions in the District of Montana. But even as to those defendants, actions remain pending in many other districts – for example, there are at least eleven actions naming Snowflake as a defendant in six districts outside Montana. Additionally, in the actions naming both Snowflake and a Snowflake client as defendants, there are obstacles to self-organizing actions in a single district, as the parties seem likely to disagree on the proper venue of the action (Snowflake's preferred venue, the District of Montana; the client's preferred district; or plaintiff's preferred district). Furthermore, the record does not indicate any voluntary consolidation of the AT&T actions, which currently are spread among eight districts. Importantly, voluntary coordination does not address the risk of inconsistent rulings on discovery, class certification, and dispositive motions. Given the large numbers of actions and districts,[5] the overlapping putative classes, and the growing number of potential tag-along actions, centralization is more efficient.

We deny the request to create an MDL solely for the AT&T actions in these dockets, as proposed in MDL No. 3124, considering the common factual core. Carving out the AT&T actions from the Snowflake MDL would be inefficient considering the common factual questions. An MDL limited to AT&T actions also would not address the risk of inconsistent rulings on discovery, class certification (the AT&T and Snowflake putative classes overlap), and Snowflake's alleged liability.

We are persuaded that the District of Montana is the appropriate transferee district for this MDL.[6] This litigation offers an opportunity to assign an MDL to an underutilized district that has the capacity to manage the MDL efficiently. Fourteen actions on the motion and twelve potential tag-along actions are pending in this district. Plaintiffs in over twenty actions request it as their

---

[5] Even counting all actions in the District of Montana as a single action and all actions in the Eastern District of North Carolina as a single action, there still are 42 related actions pending in twelve districts.

[6] We deny the request of plaintiffs' leadership in MDL No. 3114 to transfer the AT&T actions in these dockets to the Northern District of Texas for coordination with MDL No. 3114. The record before us indicates that the data breach at issue in MDL No. 3114 is different from the breaches at issue in the Snowflake litigation. The MDL No. 3114 data breach was announced by AT&T in March 2024 and allegedly involved a 2019 data set including customer names, addresses, phone numbers, social security numbers, dates of birth, AT&T account numbers, and passcodes. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, 2024 WL 2884429, at *1 n.2. The breach of AT&T data on the Snowflake cloud, which was announced in July 2024, allegedly involves metadata for calls and texts made by AT&T cellular customers and certain others using the AT&T network from May 1, 2022 to October 31, 2022, and, for some customers, records from January 2, 2023. *See, e.g.,* Compl. ¶¶ 38-39 in *Miller v. Snowflake*, C.A. No. 24-0067 (D. Mont.) (citing https://about.att.com/story/2024/addressing-illegal-download.html).

first or second choice, and defendants AT&T, Cricket Wireless, Ticketmaster/Live Nation, and Neiman Marcus are unopposed to this district.  Defendant Snowflake, though opposed to centralization, has stated in the underlying actions that this district is an appropriate venue for pretrial proceedings on the claims against Snowflake.  Snowflake also has its principal executive office in this district. We select Chief Judge Brian Morris as the transferee judge.  He presides over all actions in this district and is familiar with the issues in the litigation.  He is an experienced jurist with the willingness and ability to efficiently manage this litigation.  We are confident that he will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A (MDL No. 3124) and Schedule B (MDL No. 3126) and pending outside the District of Montana are transferred to the District of Montana and, with the consent of that court, assigned to the Honorable Brian Morris for coordinated or consolidated pretrial proceedings to proceed in MDL No. 3126, *In re: Snowflake, Inc., Data Security Breach Litigation*.

IT IS FURTHER ORDERED that the motion for centralization of a separate MDL for the Schedule A actions, as proposed in MDL No. 3124, is denied.


PANEL ON MULTIDISTRICT LITIGATION


_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly        Roger T. Benitez
Dale A. Kimball             Madeline Cox Arleo

**IN RE: AT&T INC. CELLULAR CUSTOMER DATA
SECURITY BREACH LITIGATION**                      MDL No. 3124

## SCHEDULE A

    <u>Northern District of Georgia</u>

YOUNG v. AT&T MOBILITY LLC, ET AL., C.A. No. 1:24−03185

    <u>District of Montana</u>

OLIVIERI, ET AL. v. AT&T INC., ET AL., C.A. No. 2:24−00056

    <u>District of New Jersey</u>

SCHULTE v. AT&T INC., ET AL., C.A. No. 3:24−07818

    <u>Northern District of Texas</u>

WINGER v. AT&T INC., C.A. No. 3:24−01797

**IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**                                    MDL No. 3126

**SCHEDULE B**

Central District of California

RYAN, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04482
GETMAN, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04580
CABALLERO, ET AL. v. LIVE NATION ENTERTAINMENT, INC., ET AL.,
  C.A. No. 2:24−04625
MOLEDINA v. LIVE NATION ENTERTAINMENT, INC., ET AL.,
  C.A. No. 2:24−04631
DUPREEZ v. TICKETMASTER LLC, ET AL., C.A. No. 2:24−04659
POLUK v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04671
BURNS v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04674
ANDERSON, ET AL. v. TICKETMASTER LLC, ET AL., C.A. No. 2:24−04709
XIAN v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04726
CURRY, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04773
BLAKE, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04973
SPENCER, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−05760
MILLER v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−05867
DICKEY-JOHNSON, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24-06940

Northern District of California

CONTE v. SNOWFLAKE, INC., C.A. No. 3:24−04443

Northern District of Georgia

YOUNG v. AT&T MOBILITY LLC, ET AL., C.A. No. 1:24−03185
MORGAN v. CRICKET WIRELESS, LLC, C.A. No. 1:24−03253

District of Montana

LEAL v. SNOWFLAKE, INC., C.A. No. 2:24−00046
CHAIDEZ v. SNOWFLAKE, INC., C.A. No. 2:24−00050
DOE, ET AL. v. SNOWFLAKE, INC., C.A. No. 2:24−00051
BOWERS v. SNOWFLAKE, INC., C.A. No. 2:24−00055
OLIVIERI, ET AL. v. AT&T INC., ET AL., C.A. No. 2:24−00056
WILKINSON v. SNOWFLAKE, INC., C.A. No. 2:24−00057
ARMSTRONG v. SNOWFLAKE, INC., C.A. No. 2:24−00058
GIANGIULIO v. SNOWFLAKE, INC., C.A. No. 2:24−00060
LAYMAN, ET AL. v. SNOWFLAKE, INC., C.A. No. 2:24−00062

LEWIS v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00064
MIRVIS v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00065
BRYANT-BOOKER v. SNOWFLAKE, INC., C.A. No. 2:24−00066
MILLER v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00067
HORNTHAL v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00068

Eastern District of North Carolina

IN RE ADVANCE STORES COMPANY, INCORPORATED, DATA BREACH
  LITIGATION, C.A. No. 5:24−00352
CHAIDEZ v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00354
SMITH v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00356
DRAGONE v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00357
VOGEL v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00361
RILEY v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00397
LEVY v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00404
COOK v. ADVANCE STORES COMPANY, INCORPORATED, C.A. No. 5:24−00426
CLARK v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00429
CARR v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00445


Northern District of Texas

WEAVER, ET AL. v. SNOWFLAKE, INC., ET AL., C.A. No. 3:24−01915

Western District of Washington

LEDUC MONTGOMERY v. AT&T INC., C.A. No. 3:24−05581